**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BORIS BORETSKY, : | |
| Petitioner, : | Civil Action No. 09-0771 (FLW) |
| v. : | **OPINION** |
| MICHELLE R. RICCI, et al., : | |
| Respondents. : | |

**APPEARANCES:**

| | |
|---|---|
| Boris Boretsky | Simon Louis Rosenbach |
| #550398-946903A | Middlesex County Prosecutor's |
| New Jersey State Prison | Office |
| P.O. Box 861 | 25 Kirkpatrick Street, |
| Trenton, NJ 08625-0861 | 3rd Floor |
| Petitioner pro se | New Brunswick, NJ 08901 |
| | Attorney for Respondents |

**WOLFSON**, District Judge

This matter comes before the Court by motion filed by Petitioner Boris Boretsky to amend his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry no. 16). No response to this motion was filed by Respondents.

### I. PROCEDURAL BACKGROUND

Petitioner Boris Boretsky was charged on May 23, 2002 with nine counts, including aggravated assault, terroristic threats, contempt, burglary, murder, felony murder, possession of a weapon with the purpose to use it unlawfully, and tampering with

evidence.  Boretsky was convicted as charged at trial before Judge James F. Mulvihill, J.S.C., Superior Court of Middlesex, New Jersey and sentenced by Judge Mulvihill on April 7, 2006. Boretsky filed an appeal to the New Jersey Superior Court, Appellate Division on August 21, 2006, and the judgment was affirmed on August 28, 2008.  Boretsky then petitioned the New Jersey Supreme Court for Certification on September 16, 2008. Certification was denied on November 14, 2008.

Boretsky's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 was dated February 10, 2009 and filed on February 17, 2009.  The motion to file an Amended Petition was filed on April 12, 2010 seeking to amend to include an issue which Petitioner failed to present at the time of filing his Petition for Writ of Habeas Corpus.  Boretsky now seeks to assert in the proposed Amended Complaint that his rights of confrontation under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), were violated when the State, during cross examination of their witness Dr. Weinapple, referred to a prior police report.[1]

The text of the claim that Petitioner now wishes to assert is:  "Reference made by the State to the Patrolman Rickle' report during the cross-examination of Dr. Weinapple, the defense

---

[1] The police report was unrelated to the incident that gave rise to the prosecution of Boretsky and concerned an incident that took place on July 12, 1998.

2

witness, violated the Petitioner substantial right to Confrontation.  U.S. Constitution, amend. VI."

Petitioner acknowledges in his motion that while he previously raised this issue on direct appeal he "inadvertently omitted this issue when he filed his Petition for a Writ of Habeas Corpus."

## II.  ANALYSIS

### A.  Petitioner's Pro Se Status

Boretsky brings his Petition for a Writ of Habeas Corpus as a pro se litigant.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B.  Statute of Limitations

Petitioner's motion to file an Amended Petition is untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d) which provides a one year limitations period for a § 2254 habeas petition.

3

The limitations standard set forth in § 2244(d) provides, in part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to judgment of a State court. That limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [...]
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The time in which a State court criminal judgment becomes final is calculated by determining the conclusion of direct review, or the time in which such review may be sought, including a 90 day period in which to file a petition for a writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

Even assuming that the initial petition was filed in a timely manner,[2] Boretsky's motion for Amended Petition does not come within the one year limitations period. Pursuant to analysis under § 2244(d)(1), Boretsky's judgment became final was February 12, 2009, which was 90 days from the date on which his New Jersey Supreme Court petition for certiorari was denied and

---

[2]The Court reserves judgment as to whether, ultimately, the Petition was timely filed pursuant to 28 U.S.C. § 2244(d) and assumes timeliness of the initial petition only for the purposes of this motion.

the date on which his 90 day period in which to file for writ of certiorari with the United States Supreme Court expired.[3]  As such, the one year limitations period would have concluded on February 11, 2010.  Thus, since the motion to amend was not filed until April 12, 2010, two months after the one year statute of limitations expired on February 11, 2010, Boretsky's request to file an Amended Petition to introduce a new issue not presented in the initial petition is untimely.

Furthermore, the proposed Amended Complaint introduces a claim that does not relate back to the original petition. Federal Rule of Civil Procedure 15(c)(1)(B)[4] provides that a party may make an amendment to a pleading that would otherwise be time barred if the amended pleading relates back to the date of the original pleading by arising out of the "conduct, transaction, or occurrence" of the original pleading.

The United States Supreme Court has addressed the issue of relation back as it applies to habeas corpus cases in <u>Mayle v. Felix</u>, 545 U.S. 644, 125 S.Ct. 2562 (2005) stating that an amended habeas petition does not relate back where the amendment

---

[3]According the facts available in the record, the procedural history is as follows: Judgment of conviction on April 7, 2006; Judgment of conviction affirmed on August 28, 2008; Petition for certiorari to NJ Supreme Court denied on November 14, 2008; and 90 day period in which to appeal to United States Supreme Court expired on February 12, 2009.

[4]Applicable to habeas corpus proceedings by 28 U.S.C. § 2242.

"asserts a new ground for relief supported by facts that differ in both time and type" from the original petition.  Id. at 2566.

The Mayle court stressed that the key words to be examined are "conduct, transaction, or occurrence."  Id. at 2570.  If any claim related at all to the trial could be asserted after the one-year period, simply because that claim relates to the same trial challenged in the original petition, the limitations period would not hold much significance.  Id. at 2573-74.

Petitioner's claim cannot relate back simply because it relates to the same trial challenged in his initial pleading.  For the claim in Petitioner's proposed amended petition to relate back under Mayle, the relation back must be construed narrowly and relate back to a specific claim raised in the original petition.  Petitioner's request to amend fails by those standards.  The issue that Petitioner wishes to include by amendment concerns cross examination regarding a police officer's report of an prior incident unrelated to the crime for which Petitioner was sentenced.  That issue does not relate to any of the claims asserted in Petitioner's initial pleading.

By Petitioner's own admission, when he filed his original Petition he omitted the particular issue that he now wishes to assert.  Thus, the proposed amendment does not relate back and therefore Petitioner's request to file this amendment may not be granted.

6

III.   <u>CONCLUSION</u>

For the reasons set forth above, Petitioner's motion for leave to file an Amended Petition is DENIED.  An appropriate order follows.


    <u>s/Freda L. Wolfson</u>
Freda L. Wolfson
United States District Judge

Dated: December 9, 2010

7