<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BORIS BORETSKY, | : | **Hon. Freda L. Wolfson** |
| Petitioner, | : | Civil No. 09-0771 (FLW) |
| v. | : |  |
| MICHELLE R. RICCI, et al., | : | <u>O P I N I O N</u> |
| Respondents. | : |  |

**APPEARANCES**:

    BORIS BORETSKY, #946903A
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner <u>Pro Se</u>

    NANCY A. HULETT, Assistant Prosecutor
    BRUCE J. KAPLAN, MIDDLESEX COUNTY PROSECUTOR
    25 Kirkpatrick Street, 3d Floor
    New Brunswick, New Jersey  08903
    Attorneys for Respondents

<u>WOLFSON</u>, District Judge

      Boris Boretsky filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered in the Superior Court of New Jersey, Middlesex County, on April 7, 2006, after a jury found him guilty of the first-degree murder of his wife Saoule Moukhametova ("Lana"), felony murder, aggravated assault, burglary, terroristic threats, and other related crimes.  Respondents filed an Answer arguing that the Petition should be dismissed and Petitioner filed a Reply.  Presently before this Court is Petitioner's motion to

stay the Petition while he pursues his first petition for post-conviction relief filed in the New Jersey Superior Court on or about March 8, 2011.  For the reasons expressed below, this Court will deny the motion to stay without prejudice to Petitioner's filing a motion, within 20 days, to amend the Petition to add the claims raised in the state petition for post-conviction relief, to equitably toll the statute of limitations on those claims, and to stay the amended petition.

### I.  BACKGROUND

On April 7, 2006, after a jury sitting in the Superior Court of New Jersey, Middlesex County, Law Division, found Petitioner guilty of all charges.  Superior Court Judge James F. Mulvihill sentenced Petitioner to term of life imprisonment without parole, and a consecutive 23.5 year term.[1]  Petitioner appealed.  In an opinion filed August 28, 2008, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence.  See State v. Boretsky, 2008 WL 4057972 (N.J. Super. Ct., App. Div., Aug. 28, 2008).  The New Jersey Supreme Court denied certification on November 14, 2008.  See State v. Boretsky, 197 N.J. 14 (2008) (table).

On February 10, 2009, Petitioner executed the § 2254 Petition before this Court.  The Clerk docketed it on February 17, 2009.  The Petition presents the following grounds, which are identical to the grounds raised on direct appeal:

> Ground One:  MY 5TH AND 6TH AMENDMENT RIGHTS WERE VIOLATED BY THE ADMISSION OF STATEMENTS INITIATED BY POLICE AFTER I ASKED THEM TO SPEAK TO MY ATTORNEY AND, INSTEAD THEY DISCONNECTED MY TELEPHONE CALL TO HIM.

---

[1] The state sought the death penalty, but in the penalty phase, the jury could not reach unanimous agreement on the death penalty.  See State v. Boretsky, 208 WL 4057972 at *1 (N.J. Super. Ct., App. Div., Aug. 28, 2008), certif. den., 197 N.J. 14 (2008) (table).

Ground Two: THE TRIAL COURT'S INSTRUCTION THAT JURY COULD CONSIDER EVIDENCE THAT DEFENDANT PREVIOUSLY ASSAULTED AND THREATENED HIS WIFE AS PROOF THAT HE WAS GUILTY OF MURDER DEPRIVED DEFENDANT OF HIS RIGHT TO A FAIR TRIAL.

Ground Three: THE MEDICAL EXAMINER'S TESTIMONY THAT THE CAUSE OF DEATH WAS "HOMICIDE" EXCEEDED THE SCOPE OF PERMISSIBLE EXPERT TESTIMONY AND IMPROPERLY ADDRESSED THE ULTIMATE ISSUE BEFORE THE JURY, THEREBY DEPRIVING DEFENDANT OF A FAIR TRIAL AND REQUIRING THE REVERSAL OF HIS CONVICTION.

Ground Four: THE COURT COMMITTED REVERSIBLE ERROR IN ITS REFUSAL TO SEVER THE COUNTS CHARGING CONTEMPT FOR VIOLATION OF A RESTRAINING ORDER.

Ground Five: BECAUSE THE STATE FAILED TO PROVE THE ELEMENTS OF TERRORISTIC THREATS BEYOND A REASONABLE DOUBT, THE TRIAL JUDGE ERRED IN DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL ON COUNT TWO.

Ground Six: DEFENDANT'S BURGLARY AND FELONY MURDER CONVICTIONS MUST BE REVERSED BECAUSE THE TRIAL COURT FAILED TO INFORM THE JURY THAT VIOLATION OF A DOMESTIC VIOLENCE RESTRAINING ORDER DOES NOT SATISFY THE REQUIREMENTS OF A "PURPOSE TO COMMIT AN OFFENSE THEREIN."

Ground Seven: DURING THE TRIAL AND SUMMATION, THE PROSECUTOR COMMITTED SEVERAL ACTS OF MISCONDUCT WHICH VIOLATED DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL, THE AMENDMENT XIV OF THE U.S. CONSTITUTION.

Ground Eight: THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE JURY TO CONSIDER THAT THE DEFENDANT CAUSED SERIOUS BODILY INJURIES, OR CAUSED SIGNIFICANT BODILY INJURIES. THE JURY'S CONSIDERATION SHOULD HAVE

BEEN LIMITED TO ATTEMPT TO CAUSE SERIOUS OR SIGNIFICANT BODILY INJURY ONLY.

Ground Nine:  THE TRIAL JUDGE ABUSED HIS DISCRETION BY ALLOWING THE STATE TO DISPLAY TO THE JURY PICTURES DEPICTING INJURIES SUSTAINED BY SAOULE MOUKHAMETOVA ON THE NIGHT OF JANUARY 19, 2002 WHERE THE LEAST POSSIBLE INFLAMMATORY EVIDENCE TO PROVE THIS POINT WAS AVAILABLE THROUGH THE TESTIMONY OF DR. GARIBALDI AND OFFICER DROST.  THUS, DEFENDANT WAS UNDULY PREJUDICED THEREBY AND WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

Ground Ten:  THE ADMISSION OF HEARSAY TESTIMONY UNDER THE "EXCITED UTTERANCE" EXCEPTION PROVIDED AT TRIAL BY MARINA MIROSHNICHENKO AS TO ALLEGED STATEMENTS MADE TO HER BY SAOULE MOUKHAMETOVA, AND THE DECISION BY THE TRIAL COURT IN A PRE-TRIAL HEARING TO PERMIT THIS HEARSAY WERE VIOLATIVE OF ESTABLISHED LEGAL PRINCIPLES AND CASE LAW, AND THUS CONSTITUTED A GROSS ABUSE OF JUDICIAL DISCRETION CLEARLY CAPABLE OF PRODUCING AN UNJUST RESULT, AND DENIED DEFENDANT DUE PROCESS AND A FAIR TRIAL.

Ground Eleven:  THE IMPROPER INTRODUCTION (AGAINST TIMELY OBJECTION) OF DOUBLE-HEARSAY (OR HEARSAY WITHIN HEARSAY) DURING THE CROSS-EXAMINATION OF DR. UTKIWICZ VIOLATED N.J.R.E. 802, 703(7), 404(b), AND 403, AS WELL AS VIOLATING DEFENDANT'S RIGHT TO CONFRONT HIS ACCUSER, THUS DEPRIVING HIM OF HIS RIGHT TO A FAIR TRIAL.

Ground Twelve:  THE TRIAL COURT VIOLATED DEFENDANT'S RIGHT TO A FAIR TRIAL BY PERMITTING INTO EVIDENCE THE TESTIMONIAL HEARSAY STATEMENTS OF SAOULE MOUKHAMETOVA TO JUDGE MARY CASEY IN DIRECT VIOLATION OF THE CONFRONTATION CLAUSE OF THE 6TH AMENDMENT OF THE UNTIED STATES CONSTITUTION . . . , AS WELL AS DENYING THE DEFENDANT THE EFFECTIVE ASSISTANCE

>OF COUNSEL AND THE DUE PROCESS CLAUSE OF THE
>U.S. CONSTITUTION.
>
>Ground Thirteen: THE ALLOWING OF E.M.S. TECHNICIAN
>LEMMERLING, A GOVERNMENT OFFICER, TO TESTIFY
>CONCERNING A HEARSAY TESTIMONIAL STATEMENT
>MADE TO HIM BY SAOULE MOUKHAMETOVA WAS IN
>VIOLATION OF THE CONFRONTATION CLAUSE . . . , AND
>THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
>
>Ground Fourteen: DURING JURY SUMMATION, THE TRIAL
>JUDGE GAVE THE JURY INCORRECT (AS A MATTER OF
>LAW) INSTRUCTION AS TO HOW TO WEIGH THE
>EVIDENCE, RELIEVING THE PROSECUTOR FROM ITS
>BURDEN OF PROVING ITS CASE BEYOND A
>REASONABLE DOUBT.

(Dkt. 1 at 5-12.) [2]

## II.  MOTION FOR STAY

On April 18, 2011, Petitioner executed (and filed) a motion (Dkt. 21) to stay the Petition pending the final outcome in the New Jersey courts of his first state petition for post-conviction relief, which, according to Petitioner, was filed on March 8, 2011.  (Dkt. 21-1.)  Attached to the motion is a copy of a Verified Petition for Post-Conviction Relief dated April 18, 2011, in State

---

[2] Prior to ordering an answer, this Court notified Petitioner that under the Anti-Terrorism and Effective Death Penalty Act a prisoner challenging detention pursuant to the judgment of a state court may file one all-inclusive § 2254 petition within one year of the date the conviction became final and that absent extremely limited circumstances and the approval of the United States Court of Appeals for the Third Circuit, a claim presented in a second or successive § 2254 petition shall be dismissed, see 28 U.S.C. § 2244(b).  This Court gave Petitioner the opportunity to withdraw the Petition.  (Dkt. 2.)  On March 6, 2009, Petitioner asked this Court to consider the Petition as his all-inclusive petition.  (Dkt. 4.)  After the Answer was filed, Petitioner filed a motion for leave to file an amended petition adding one additional ground, i.e., Dr. Weinapple's testimony referring to a police report violated the Confrontation Clause.  (Dkt. 17 at 2.)  By Order entered December 9, 2010, this Court denied the motion.  (Dkt. 18.)

v. Boretsky, Ind. No. 02-05-00642 PCR petition (N.J. Super. Ct., Law Div., Apr. 18, 2011).  The

post-conviction relief petition raises five grounds of ineffective assistance of counsel:

>Point I:  FAILURE OF THE TRIAL, OR THE APPELLATE COUNSEL TO RAISE THE FOLLOWING ISSUES REGARDING THE ASSISTANT MIDDLESEX COUNTY MEDICAL EXAMINER DR. FALZON, FABRICATING AND/OR TAMPERING WITH PHYSICAL EVIDENCE, RAISES TO THE LEVEL OF INEFFECTIVE ASSISTANCE OF COUNSEL. U.S. Const. Amend. V, VI and XIV.
>
>>A.  THE EVIDENCE [IS] NEWLY DISCOVERED, AND W[AS] NOT DISCOVERABLE THROUGH DUE DILIGENCE PRIOR TRIAL.
>>
>>B.  CONCLUSION OF DR. FALZON IN THE AUTOPSY REPORT THAT THE4 KNIFE TRAVERSE ALMOST EIGHT INCHES OF TISSUE IS NOT SUPPORTED BY CREDIBLE MEDICAL EVIDENCE.
>>
>>C.  FAILURE OF DR. FALZON TO PROVIDE A TANGIBLE EVIDENCE, SUCH AS PHOTOGRAPHS, TO SUPPORT HIS CONTENTION THAT HE ALLEGEDLY FOUND DEFECTS ON THE RIGHT LUNG AND THE INFERIOR VENA CAVA OF THE DECEASED, DEPRIVED THE DEFENDANT OF HIS RIGHT TO A DEFENSE AND VIOLATE[D] HIS RIGHT TO A FAIR TRIAL.  U.S. Const. Amend. VI, XIV.
>>
>>D.  DURING THE AUTOPSY DR. FALZON ALTERED THE PHYSICAL APPEARANCE OF EVIDENCE TO SUPPORT THE STATE'S THEORY.
>>
>>E.  EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR MURDER OR FELONY MURDER.
>
>Point II:  FAILURE OF THE TRIAL, OR THE APPELLATE COUNSEL, TO RAISE THE ISSUE THAT THE EVIDENCE THAT WERE INTRODUCED AT GRAND JURY PROCEEDINGS AND AT TRIAL WERE OBTAINED ILLEGALLY AND IN VIOLATION OF SEARCH AND SEIZURE PROVISION OF THE UNITED STATES

6

CONSTITUTION RAISES TO THE LEVEL OF INEFFECTIVE ASSISTANCE OF COUNSEL.  U.S. Const. Amend. IV, V, VI, XIV.

Point III:  FAILURE OF THE TRIAL, OR THE APPELLATE COUNSEL TO RAISE THE FOLLOWING ISSUE[S] AT TRIAL OR ON DIRECT APPEAL VIOLATED THE DEFENDANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION.  U.S. CONST. Amend. V, XIV.

> A.  INSTRUCTION TO RETURN GUILTY VERDICT ON CHARGE OF MANSLAUGHTER IF DEFENDANTS CAUSED DEATH IN THE HEAT OF PASSION PLACED ON DEFENDANT BURDEN OF PROVING PASSION/PROVOCATION AND DISPROVING AGGRAVATED OR RECKLESS MANSLAUGHTER AND VIOLATED HIS DUE PROCESS RIGHTS.  U.S. Const. Amends. V, XIV.
>
> B.  GIVING OF JURY INSTRUCTIONS, PROVIDING THAT CONVICTION FOR BURGLARY COULD BE BASED UPON DEFENDANT'S DISOBEDIENCE OF COURT'S ORDER NOT TO ENTER HIS HOUSE, VIEWED THROUGH THE PRISM OF EQUAL PROTECTION WAS REVERSIBLE ERROR. U.S. Const. Amend. VI, XIV.
>
> C.  FAILURE TO SEVER CHARGES OF CONTEMPT OF COURT (VIOLATION OF FINAL RESTRAINING ORDER) AND FAILURE TO SANITIZE CHARGE OF CONTEMPT OF COURT (VIOLATION OF TEMPORARY RESTRAINING ORDER) DEPRIVED THE DEFENDANT OF HIS RIGHT TO FAIR TRIAL AND HIS RIGHT FOR EQUAL PROTECTION.  U.S. CONST. Amend. XIV.\
>
> D.  CONVICTION FOR TERRORISTIC THREATS WAS OBTAINED BASED ON INSUFFICIENT EVIDENCE AND IN VIOLATION OF DEFENDANT'S RIGHTS.  U.S. CONST. Amend. VI, XIV.
>
> E.  CONVICTION FOR AGGRAVATED ASSAULT SECOND DEGREE IS IN VIOLATION OF THE

>> DEFENDANT'S RIGHT TO EQUAL PROTECTION.
> U.S. CONST. Amend. xiv.
>
> F. WHEN THE TRIAL COURT ALLOWED THE STATE TO ELICIT 404(B) EVIDENCE THROUGH THE TESTIMONY OF DR. WEINAPPLE IT VIOLATED NOT ONLY THE DEFENDANT'S RIGHT TO CONFRONTATION, BUT ALSO HIS RIGHT TO EQUAL PROTECTION.
>
> Point IV: FAILURE OF TRIAL COUNSEL TO INVESTIGATE LEVEL OF THE DEFENDANT'S INTOXICATION ON THE NIGHT HE ALLEGEDLY ASSAULTED HIS WIFE, RAISES TO THE LEVEL OF INEFFECTIVE ASSISTANCE OF COUNSEL. U.S. Const. Amend. VI, XIV.
>
> Point V: FAILURE OF TRIAL COUNSEL TO OBJECT TO TESTIMONY OF MICHAEL GRUBER WHICH VIOLATED THE DEFENDANT'S ATTORNEY/CLIENT PRIVILEGE, AND FAILURE OF APPELLATE COUNSEL TO RAISE4 THE ISSUE ON DIRECT APPEAL RISES TO THE LEVEL OF INEFFECTIVE ASSISTANCE OF COUNSEL. U.S. Const. Amend. V, VI, and XIV.\

\
(Dkt. 21-2 at 2-5.)

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has the authority to stay a § 2254 petition which contains unexhausted federal claims "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." Rhines at 271-72. The Rhines Court explained that, "if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court." Rhines at 275. The Rhines Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a . . . petition [containing unexhausted claims] if the

petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. See also Heleva v. Brooks, 581 F. 3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under Rhines also applies to a request to stay § 2254 petition which contains only unexhausted claims).

In Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), the Supreme Court ruled that a state petition for post-conviction relief that is dismissed by the state court as untimely does not toll the federal statute of limitations because an untimely state petition for post-conviction relief is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). In rejecting the prisoner's argument, the Supreme Court observed that, in the event that a state prisoner who is pursuing state post-conviction relief is "reasonably confused" as to whether the state petition was timely or otherwise "properly filed," that prisoner could file a protective § 2254 petition. The Court explained:

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petitioner 30. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, ante, 544 U.S., at 278 . . . (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. Ibid. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics," then the district court likely "should stay, rather than dismiss, the mixed petition").

9

Pace, 544 U.S. at 416-417.

In this case, Boretsky timely filed a § 2254 Petition in this Court on February 10, 2009, containing the 14 claims he raised in the New Jersey courts on direct appeal. The § 2254 Petition does not raise the five ineffective assistance of counsel claims contained in the state petition for post-conviction relief, which Petitioner states that he filed in the Law Division on March 8, 2011. (Dkt. 21-1, 21-2.) This Court notes that it notified Petitioner by Order filed February 25, 2009, that the AEDPA contains a one-year statute of limitations and bars successive petitions, asked Petitioner whether he wanted to withdraw the § 2254 Petition in order to add claims in an all-inclusive § 2254 petition, and informed him that, if he elected to withdraw the pending Petition because it did not include all claims, then the statute of limitations would be tolled from February 10, 2009, until 45 days after the entry of the Order. (Dkt. 2.) See n. 2, supra; Mason v. Meyers, 208 F. 3d 414 (3d Cir. 2000). On March 2, 2009, Petitioner "request[ed] that this Court consider his Petition for Writ of Habeas Corpus all-inclusive petition 'as is.'" (Dkt. 4.)

That being said, there are two more significant problems with Petitioner's motion for stay. First, the § 2254 Petition before this Court does not include the five unexhausted claims contained in the state post-conviction relief petition. Accordingly, even if this Court were to grant a stay pending the outcome of the state post-conviction relief petition, this Court would not be able to entertain those claims upon the completion of post-conviction proceedings and dissolution of the stay because none of those claims are included in Petitioner's timely filed § 2254 Petition.

The second problem is that, as February 15, 2010, it was too late for Petitioner to add these new claims to his pending § 2254 Petition because, absent equitable tolling, the statute of

10

limitations expired on February 15, 2010.  See 28 U.S.C. § 2244(d)(1)(A).  Section 2244(d)(1)(A) provides that a § 2254 petition must be filed within one year from "the date on which the judgment of conviction became final."  Id.  Boretsky's conviction became final on February 12, 2009, upon expiration of his time to file a petition for certiorari in the Supreme Court.  See Kapral v. United States, 166 F. 3d 565, 575 (3d Cir. 1999).  The one-year statute of limitations began to run on February 13, 2009, and continued running until it expired 365 days later on February 15, 2010.  Accordingly, if this Court were to allow Petitioner to amend the § 2254 Petition now to add the new ineffective assistance of counsel claims, it would frustrate the intent of Congress that § 2254 claims be advanced within one year after a judgment of conviction becomes final (unless one of the other circumstances in § 2244(d)(1) is applicable, which does not appear to be so in this case.)[3]  See United States v. Duffus, 174 F. 3d 333, 337-38 (3d Cir.

---

[3] Under § 2244(d)(1), the limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

(continued...)

1999) ("[I]f the court permitted the amendment it would have acted contrary to the policy of the AEDPA, which requires courts to measure the running of the limitations periods from the date on which the judgment of conviction becomes final"). Nor would the new claims be considered timely as relating back under Rule 15(c)(2) because the new claims are distinctly separate from the 14 claims already pled. See United States v. Thomas, 221 F. 3d 430, 436 (3d Cir. 2000) ("Rule 15(c)(2) applies to [habeas] petitions insofar as a District Court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief").

Thus, the only way this Court would be able to entertain the new ineffective assistance of counsel claims (even if a stay were granted) would be for this Court to allow Petitioner to amend the Petition and to rule that equitable tolling of the limitations period was warranted from February 15, 2010 (date on which the statute of limitations expired), until the date on which Petitioner presumably "properly filed" his state petition for post-conviction relief, insofar as statutory tolling would kick in on that date if the state petition were properly filed. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2)); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (petition for

---

[3](...continued)
28 U.S.C. § 2244(d)(1).

post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record")  (citations omitted).

In light of the foregoing, this Court will deny the motion for stay at this time without prejudice to the filing, within 20 days, of a motion by Boretsky to amend the Petition to add the five new claims, to equitably toll the statute of limitations on those new claims, and to grant a stay of the Petition, if this Court permits amendment.  See Henderson v. DiGuglielmo, 138 Fed. App'x 463, 467 n.5 (3d Cir. 2005).

### III.  EQUITABLE TOLLING DOCTRINE

To guide Petitioner, this Court will outline the equitable tolling doctrine.  "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'" Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008)(quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  "There are no bright lines in determining whether equitable tolling is warranted in a given case.  Rather, the particular circumstances of each petitioner must be taken into account."  Pabon v. Mahanoy, __ F. 3d __, 2011 WL 2685586 at *12 (3d Cir. July 12, 2011).

Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from

asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d Cir. 2006) (internal quotation marks omitted).[4] "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling," Holland, 130 S. Ct. at 2564 (citations and internal quotation marks omitted), but "an attorney's failure to satisfy professional standards of care" can warrant equitable tolling where the behavior is egregious. Id. at 2562, 2564; see also Nara v. Frank, 264 F. 3d 310, 320 (3d Cir. 2001) (ordering evidentiary hearing as to whether petitioner who was "effectively abandoned" by lawyer merited tolling).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' . . . not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (internal citations omitted). However, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

---

[4] For example, "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." Pabon at *13. In Brinson v. Vaughn, 398 F. 3d 225, 230 (3d Cir. 2005), the Court of Appeals held that an extraordinary circumstance exists "where a court has misled a party regarding the steps that the party needs to take to preserve a claim."

## IV.  CONCLUSION

Based on the foregoing, the Court denies the motion for stay without prejudice to the filing, within 20 days, of a motion to amend the Petition to add the unexhausted claims, to equitably toll the statute of limitations on the new claims, and to stay the amended petition.


                                                  s/Freda L. Wolfson  
                                                 **FREDA L. WOLFSON, U.S.D.J.**


Dated:   August 15, 2011