NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BORIS BORETSKY, | : | **Hon. Freda L. Wolfson** |
| Petitioner, | : | Civil No. 09-0771 (FLW) |
| v. | : | |
| MICHELLE R. RICCI, et al., | : | **MEMORANDUM OPINION** |
| Respondents. | : | |

**WOLFSON**, District Judge:

1. Boris Boretsky filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered in the Superior Court of New Jersey, Middlesex County, on April 7, 2006, after a jury found him guilty of the first-degree murder of his wife Saoule Moukhametova ("Lana"), felony murder, aggravated assault, burglary, terroristic threats, and other related crimes. Presently before this Court is Petitioner's motion (Dkt. 31) for reconsideration of the Order denying Petitioner's motion to amend and stay the Petition, dismissing the Petition on the merits, and denying a certificate of appealability. (Dkt. 28.)

Procedural History

2. Shortly after Boretsky filed the Petition in February 2009, this Court notified Petitioner of his rights pursuant to Mason v. Myers, 208 F. 3d 414 (3d Cir. 2000), and Petitioner responded by asking this Court to proceed with the Petition "as is." [1]

---

[1] The Court notified Petitioner that under the Anti-Terrorism and Effective Death Penalty Act a prisoner challenging detention pursuant to the judgment of a state court may file one all-inclusive § 2254 petition within one year of the date the conviction became final and that absent
(continued...)

3. The Petition presented the following grounds, which mimic the grounds raised on direct appeal:

> Ground One: MY 5TH AND 6TH AMENDMENT RIGHTS WERE VIOLATED BY THE ADMISSION OF STATEMENTS INITIATED BY POLICE AFTER I ASKED THEM TO SPEAK TO MY ATTORNEY AND, INSTEAD THEY DISCONNECTED MY TELEPHONE CALL TO HIM.
>
> Ground Two: THE TRIAL COURT'S INSTRUCTION THAT JURY COULD CONSIDER EVIDENCE THAT DEFENDANT PREVIOUSLY ASSAULTED AND THREATENED HIS WIFE AS PROOF THAT HE WAS GUILTY OF MURDER DEPRIVED DEFENDANT OF HIS RIGHT TO A FAIR TRIAL.
>
> Ground Three: THE MEDICAL EXAMINER'S TESTIMONY THAT THE CAUSE OF DEATH WAS "HOMICIDE" EXCEEDED THE SCOPE OF PERMISSIBLE EXPERT TESTIMONY AND IMPROPERLY ADDRESSED THE ULTIMATE ISSUE BEFORE THE JURY, THEREBY DEPRIVING DEFENDANT OF A FAIR TRIAL AND REQUIRING THE REVERSAL OF HIS CONVICTION.
>
> Ground Four: THE COURT COMMITTED REVERSIBLE ERROR IN ITS REFUSAL TO SEVER THE COUNTS CHARGING CONTEMPT FOR VIOLATION OF A RESTRAINING ORDER.
>
> Ground Five: BECAUSE THE STATE FAILED TO PROVE THE ELEMENTS OF TERRORISTIC THREATS BEYOND A REASONABLE DOUBT, THE TRIAL JUDGE ERRED IN DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL ON COUNT TWO.

---

[1](...continued)
extremely limited circumstances and the approval of the United States Court of Appeals for the Third Circuit, a claim presented in a second or successive § 2254 petition shall be dismissed, see 28 U.S.C. § 2244(b). In addition, this Court advised Petitioner that it could not grant a writ unless he had exhausted the claims before the New Jersey courts and gave Petitioner the opportunity to withdraw the Petition. (Dkt. 2.) On March 6, 2009, Petitioner asked this Court to consider the Petition as his all-inclusive petition. (Dkt. 4.)

Ground Six:  DEFENDANT'S BURGLARY AND FELONY MURDER CONVICTIONS MUST BE REVERSED BECAUSE THE TRIAL COURT FAILED TO INFORM THE JURY THAT VIOLATION OF A DOMESTIC VIOLENCE RESTRAINING ORDER DOES NOT SATISFY THE REQUIREMENTS OF A "PURPOSE TO COMMIT AN OFFENSE THEREIN."

Ground Seven:  DURING THE TRIAL AND SUMMATION, THE PROSECUTOR COMMITTED SEVERAL ACTS OF MISCONDUCT WHICH VIOLATED DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL, THE AMENDMENT XIV OF THE U.S. CONSTITUTION.

Ground Eight:  THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE JURY TO CONSIDER THAT THE DEFENDANT CAUSED SERIOUS BODILY INJURIES, OR CAUSED SIGNIFICANT BODILY INJURIES.  THE JURY'S CONSIDERATION SHOULD HAVE BEEN LIMITED TO ATTEMPT TO CAUSE SERIOUS OR SIGNIFICANT BODILY INJURY ONLY.

Ground Nine:  THE TRIAL JUDGE ABUSED HIS DISCRETION BY ALLOWING THE STATE TO DISPLAY TO THE JURY PICTURES DEPICTING INJURIES SUSTAINED BY SAOULE MOUKHAMETOVA ON THE NIGHT OF JANUARY 19, 2002 WHERE THE LEAST POSSIBLE INFLAMMATORY EVIDENCE TO PROVE THIS POINT WAS AVAILABLE THROUGH THE TESTIMONY OF DR. GARIBALDI AND OFFICER DROST.  THUS, DEFENDANT WAS UNDULY PREJUDICED THEREBY AND WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

Ground Ten:  THE ADMISSION OF HEARSAY TESTIMONY UNDER THE "EXCITED UTTERANCE" EXCEPTION PROVIDED AT TRIAL BY MARINA MIROSHNICHENKO AS TO ALLEGED STATEMENTS MADE TO HER BY SAOULE MOUKHAMETOVA, AND THE DECISION BY THE TRIAL COURT IN A PRE-TRIAL HEARING TO PERMIT THIS HEARSAY WERE VIOLATIVE OF ESTABLISHED LEGAL PRINCIPLES AND CASE LAW, AND THUS CONSTITUTED A GROSS ABUSE OF JUDICIAL DISCRETION CLEARLY CAPABLE OF PRODUCING AN UNJUST RESULT, AND DENIED DEFENDANT DUE PROCESS AND A FAIR TRIAL.

>Ground Eleven:  THE IMPROPER INTRODUCTION (AGAINST TIMELY OBJECTION) OF DOUBLE-HEARSAY (OR HEARSAY WITHIN HEARSAY) DURING THE CROSS-EXAMINATION OF DR. UTKIWICZ VIOLATED N.J.R.E. 802, 703(7), 404(b), AND 403, AS WELL AS VIOLATING DEFENDANT'S RIGHT TO CONFRONT HIS ACCUSER, THUS DEPRIVING HIM OF HIS RIGHT TO A FAIR TRIAL.
>
>Ground Twelve:  THE TRIAL COURT VIOLATED DEFENDANT'S RIGHT TO A FAIR TRIAL BY PERMITTING INTO EVIDENCE THE TESTIMONIAL HEARSAY STATEMENTS OF SAOULE MOUKHAMETOVA TO JUDGE MARY CASEY IN DIRECT VIOLATION OF THE CONFRONTATION CLAUSE OF THE 6TH AMENDMENT OF THE UNTIED STATES CONSTITUTION . . . , AS WELL AS DENYING THE DEFENDANT THE EFFECTIVE ASSISTANCE OF COUNSEL AND THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION.
>
>Ground Thirteen:  THE ALLOWING OF E.M.S. TECHNICIAN LEMMERLING, A GOVERNMENT OFFICER, TO TESTIFY CONCERNING A HEARSAY TESTIMONIAL STATEMENT MADE TO HIM BY SAOULE MOUKHAMETOVA WAS IN VIOLATION OF THE CONFRONTATION CLAUSE . . . , AND THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
>
>Ground Fourteen:  DURING JURY SUMMATION, THE TRIAL JUDGE GAVE THE JURY INCORRECT (AS A MATTER OF LAW) INSTRUCTION AS TO HOW TO WEIGH THE EVIDENCE, RELIEVING THE PROSECUTOR FROM ITS BURDEN OF PROVING ITS CASE BEYOND A REASONABLE DOUBT.

(Pet. ¶ 12, Grounds One to Fourteen) (Dkt. 1 at 5-12.)

  4. This Court ordered service, an answer, and a reply.  (Dkt. 5.)  The state filed the Answer and state court record on April 24, 2009, arguing that Petitioner had not filed a state petition for post-conviction relief, that such was necessary here where several of the grounds raised in the § 2254 Petition were unexhausted because Petitioner presented them to the New

Jersey courts as state law claims. The state alternatively argued that this Court should dismiss the Petition on the merits. (Dkt. 8.)

     5. On April 28, 2011 (after the one-year statute of limitations had expired), Boretsky filed a motion to stay the Petition while he pursued his first state petition for post-conviction relief, which he claimed he filed in 2011. (Dkt. 21-1.) On August 15, 2011, this Court denied the motion without prejudice to the filing of a properly supported motion to amend the Petition. This Court's Opinion noted that, because Boretsky's § 2254 Petition did not include the ineffective assistance of counsel claims (raised in his state petition for post-conviction relief), a stay would be of no use to Boretsky unless he first amended his § 2254 Petition to include the ineffective assistance of counsel claims. Moreover, since the one-year statute of limitations, see 28 U.S.C. § 2254(d)(1)(A), expired on February 15, 2010, in the absence of equitable tolling, the Petition could not be amended because the new claims were time barred.[2] See 28 U.S.C. § 2244(d)(1)(A). (Dkt. 22.) This Court denied the motion for stay without prejudice to the filing of a motion to amend in which Boretsky showed that equitable tolling of the statute of limitations was warranted from February 15, 2010, until the date on which Boretsky presumably "properly filed" his state petition for post-conviction relief, insofar as statutory tolling would kick in on that date, if the state petition were properly filed. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with

---

    [2] Section 2244(d)(1)(A) provides that a § 2254 petition must be filed within one year from "the date on which the judgment of conviction became final." Boretsky's conviction became final on February 12, 2009, upon expiration of his time to file a petition for certiorari in the Supreme Court. See Kapral v. United States, 166 F. 3d 565, 575 (3d Cir. 1999). The one-year statute of limitations began to run on February 13, 2009, and continued running until it expired 365 days later on February 15, 2010.

5

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2)); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (petition for post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record") (citations omitted).  This Court's Opinion also explained the contours of the equitable tolling doctrine in order to guide Petitioner.

      6. On August 30, 2011, Petitioner filed a motion (Dkt. 24) to amend the Petition to add the ineffective assistance of counsel grounds (which were raised in his state petition for post-conviction relief) and to stay the amended petition while Petitioner pursued state post-conviction relief.  The Amended Verified Petition for Post-Conviction Relief, dated August 25, 2011, was attached.  (Dkt. 24-5 at pp. 2-6.)

      7. The state opposed these motions, arguing that the motion to amend should be denied because the new claims were barred by the statute of limitations, and Petitioner failed to show that equitable tolling was warranted.  (Dkt. 25.)

      8. In response, Petitioner argued that equitable tolling was warranted as follows:

> [T]he petitioner is foreign born, naturalized U.S. citizen and is confused in understanding the equitable tolling doctrine under 28 U.S.C. § 2244(d)(1)(A), and AEDPA standard.
>
> In addition, two years ago, when petitioner filed his original petition for Habeas Relief, he did this following advice, apparently erroneous, of a "prominent jailhouse lawyer."
>
> But for this erroneous advice, the Petitioner would have file[d] his first P.C.R. petition in accordance with N.J. Rules of Court R. 3:22.  Post-Conviction Relief.

> Had the petitioner ha[d] advi[c]e of competent, trained attorney, he should not have made a mistake, and file[d] his first P.C.R. Petition in the State Court immediately after his Petition for Certification on Direct Appeal was denied by the Supreme Court of New Jersey.
>
> *          *          *
>
> The Petitioner pleads that, utterly erroneous advice of "jailhouse lawyer", the intricacies and complexities of Fed. R. Civ. P. and the record that clearly indicates that he is diligently pursuing his rights, his failure to correctly file Habeas Petition, be considered by this Court, is effected by extraordinary circumstances which warrants granting his motion to amend, stay and protect the Petition for Habeas Relief.

(Dkt. 26 at 2-3.)

    9. This Court denied Boretsky's motion to amend the Petition to add the ineffective assistance of counsel claims raised in the 2011 state petition for post-conviction relief because Boretsky failed to show that equitable tolling was warranted. Specifically, this Court found:

> First, Boretsky states that he is a naturalized citizen. Presumably, his native language is not English. The Third Circuit has held that "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." Pabon, 654 F. 3d at 400. But here, Boretsky does not contend that he is unable to read or understand English. The fact that Boretsky is a naturalized citizen is not an extraordinary circumstance.
>
> Second, Boretsky states that he failed to pursue state post-conviction relief before filing this § 2254 Petition because a prominent jailhouse lawyer mistakenly advised him to file his § 2254 petition first. The Supreme Court has determined that "counsel's mistake in miscalculating the limitations period [does not] entitle [a petitioner] to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-37 (2007). If attorney negligence or miscalculation does not constitute an extraordinary circumstance warranting equitable tolling, then it follows that the negligence of a jailhouse lawyer cannot constitute an extraordinary circumstance. To be sure, in Holland v. Florida, 130 S.Ct. 2549, 2563 (2010), the Supreme

Court rejected the Eleventh Circuit's ruling that attorney conduct, even if grossly negligent, can never warrant tolling absent bad faith, dishonesty, divided loyalty, or mental impairment on the lawyer's part . . . .

In this case, Boretsky's claimed ignorance of the AEDPA and reliance on the mistaken legal advice of a jailhouse lawyer is belied by the record. To prevent the very ignorance claimed by Boretsky, the Third Circuit requires district courts to inform § 2254 petitioners of the procedural and other limitations imposed by the AEDPA. See Mason v. Myers, 208 F.3d 414 (3d Cir. 2000). Accordingly, by Order entered on February 25, 2009 - two days after the docketing of Boretsky's § 2254 Petition and almost one year before the statute of limitations expired - this Court informed Boretsky that his § 2254 petition must include all available federal claims because the AEDPA bars second or successive petitions, that federal claims must be exhausted in the state courts, and that this all-inclusive § 2254 petition must be filed within one year of the date his conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. (Dkt. 2.) The Mason Order cited the relevant federal statutes and asked Boretsky if he wanted this Court to rule on the Petition "as is" or if he wanted to withdraw the pending Petition in order to add additional claims, subject to the one-year statute of limitations. Id. Boretsky notified this Court that he wanted the Court to consider his all-inclusive petition "as is." (Dkt. 4.)

Boretsky had actual notice of the limitations (time, successive petition bar, and exhaustion requirement) imposed by the AEDPA. Accordingly, he cannot show that some extraordinary circumstance stood in his way and prevented him from presenting his ineffective assistance of counsel claims - to the New Jersey court in a petition for post-conviction relief or to this Court in a timely motion to amend the Petition - before the statute of limitations expired on February 15, 2010. This Court will deny the motion to amend the Petition to add the new claims and will deny the motion to stay the Petition pending the outcome of Boretsky's state petition for post-conviction relief. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ([T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect"); Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 751 (6th Cir. 2011) (pro se status and lack of knowledge of law are not sufficient to constitute extraordinary circumstances and excuse late filing); Griffith v. Rednour, 614 F.3d 328, 331 (7th Cir. 2010) ("Holland tells us that a simple legal mistake does not excuse an untimely filing"); see also Drew v. MacEachern, 620 F.3d 16, 24 (1st Cir. 2010); Webster v. Ricci, 2012 WL 295671 (D.N.J. Jan. 30, 2012); Skelton v. Ricci, 2011 WL 1402687 (D.N.J. Apr. 13, 2011).

This Court also finds that Boretsky has not shown that he exercised reasonable diligence in bringing his claims. See Holland, 130 S. Ct. at 2562. "The

> obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies, and the court may consider the time of filing the habeas petition as a factor in determining reasonable diligence." Alicia v. Karestes, 389 Fed. App'x 118, 122 (3d Cir. 2010)' LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005). This Court finds that Boretsky was not diligent in seeking to amend his § 2254 Petition to include the ineffective assistance claims, given that this Court issued the Mason order almost a year before the statute of limitations expired.
>
> The equitable tolling doctrine extends the AEDPA's statutory deadline in extraordinary circumstances for petitioners who were prevented from complying through no fault or absence of diligence. Equitable tolling is not warranted here because Boretsky has not offered any basis for finding that he has been prevented by an extraordinary circumstance from asserting his ineffective assistance claims, nor has he shown he has been diligent in pursuing those claims. And because Boretsky has not made good faith allegations that would, if true, entitle him to equitable tolling, he is not entitled to an evidentiary hearing on his equitable tolling argument. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006).

(Dkt. 27 at 13 to 17) (footnote omitted).

10. This Court denied the motion to stay the Petition because, where the Petition did not raise the ineffective assistance of counsel claims that Boretsky was litigating in his state petition for post-conviction relief, a stay would be of no use in preserving Boretsky's ineffective assistance claims for litigation in this Court after the conclusion of the state petition for post-conviction relief proceedings. Without deciding whether the Petition was "mixed," this Court exercised its discretion to deny all claims raised in the Petition on the merits pursuant to 28 U.S.C. § 2254(b)(2). (Dkt. 27 at p. 2 n.1.)

Motion for Reconsideration

11. On March 5, 2012, Boretsky filed the motion for reconsideration presently before this Court, supported by Boretsky's declaration. In the declaration, Boretsky avers:

> I never intended for this Court to substantively adjudicate my Petition for Habeas Corpus. Rather, my purpose for filing my habeas petition and associated motion

> to amend/stay was to preserve my unexhausted claims for subsequent federal review.  Such unexhausted claims are the subject of my Petition for Post-Conviction Relief (PCR), which is currently pending in the Superior Court of New Jersey, Law Division, in Middlesex County . . .
>
>     \*        \*        \*
>
> From the beginning, I desired to pursue my aforementioned conflict-of-interest claim through the state-court system and then present that claim to this Court by petitioning for habeas corpus.  The reason why my conflict-of-interest claim was not raised in my present Petition for Habeas Corpus (Docket Entry No. 1) was because that claim was unexhausted.
>
> Initially, I sought to preserve my aforementioned conflict-of-interest claim by seeking to stay my present habeas petition during the pendency of my state-court PCR matter (see Docket Entry No. 21).  This Court denied my initial Motion to Stay without prejudice to my moving to amend and stay my habeas petition as amended (see Docket Entry No. 23).  I followed that particular course of action (see Docket Entry No. 24), believing all along that my conflict-of interest claim, as raised in my attached PCR petition and PCR brief, would be preserved.
>
> I was completely surprised when I received the Court's order (Docket Entry No. 28), which dismissed, with prejudice, my Petition for Habeas Corpus.  As discussed above, I never intended for this Court to substantively adjudicate my Petition for Habeas Corpus.  I intended, instead, that the Court either grant my motion to amend/stay or dismiss my habeas petition without prejudice to my filing another habeas petition after exhausting my claims during state-court proceedings.
>
> In light of the foregoing facts and attendant circumstances, I desire that the Court reconsider and vacate its order dated February 29, 2012 (Docket Entry No. 28), and dispose of my Petition for Habeas Corpus in such manner as would preserve all claims raised in my attached PCR petition and PCR brief, including my aforementioned conflict-of-interest claim.

(Dkt. 31-2 at 1 to 3) (paragraph numbers omitted).

  12.  "The scope of a motion for reconsideration . . . is extremely limited." <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011).  "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." <u>Id.</u>  "Accordingly, a judgment may be altered or amended

10

[only] if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010); see also Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (Where plaintiff's motion for reconsideration advanced the same arguments that were in his complaint and motions, District Court appropriately denied the motion "[b]ecause this is not a proper basis for reconsideration" ).  Mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process.  See Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998) (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994)).

      13.  Boretsky states that he wanted this Court to "either grant my motion to amend/stay or dismiss my habeas petition without prejudice to my filing another habeas petition after exhausting my claims during state-court proceedings."  (Dkt. 31-2 at 3.)  This Court considered Boretsky's motion to amend and stay the Petition and denied those motions because the new claims raised in Boretsky's state post-conviction relief petition were time barred and Boretsky failed to show any basis for equitable tolling.  The instant motion for reconsideration does not present an intervening change in the controlling law, the availability of new evidence that was not available when the court denied the motion, or the need to correct a clear error of law or fact or to prevent manifest injustice.  Accordingly, this Court must deny Boretsky's motion to reconsider the Order denying his motion to amend and stay the amended petition.

14. Boretsky also states in his motion that, if the motion to amend and stay were denied, he expected this Court to "dismiss my habeas petition without prejudice to my filing another habeas petition after exhausting my claims during state-court proceedings." (Dkt. 31-2 at 3.) Boretsky further states that he wanted this Court to dispose of the § 2254 Petition in a way that preserved his opportunity to present the ineffective assistance claims to this Court after he exhausted the claims. However, because those claims are time barred and Boretsky failed to show any basis to warrant equitable tolling, there is no way this Court could have "preserved" those claims. Even if this Court had dismissed the (unamended) § 2254 Petition as a mixed petition (assuming, without deciding, that the Petition was indeed mixed), this course of action would not "preserve" the ineffective assistance claims because, as previously stated, those claims are time barred. The claims would still be time barred if Boretsky included them in a § 2254 petition filed in this Court after he exhausted those claims.

15. Boretsky could have "preserved" the ineffective assistance of counsel claims by withdrawing the § 2254 Petition in response to the <u>Mason</u> order and including them in a timely filed § 2254 petition. When this Court issued the <u>Mason</u> Order on February 25, 2009, Boretsky had almost a full year left on the one-year statute of limitations. If Boretsky had "properly filed" his state petition for post-conviction relief in the Law Division before the statute of limitations expired on February 15, 2010, then the limitations period would have been statutorily tolled as long as the state petition were pending. In that case, Boretsky could have filed his § 2254 petition (including the ineffective assistance claims) after he exhausted the ineffective assistance claims, provided he did so within the time remaining on the one-year statute of limitations. Boretsky created his own statute of limitations problem by failing to either (a) pursue state post

conviction relief before the one year statute of limitations expired, in which case the limitations period would be tolled, or (b) including the ineffective assistance of counsel claims in a timely all-inclusive § 2254 petition filed in response to the Mason Order.

16. This Court will deny Boretsky's motion to reconsider the Order denying his motion to amend and stay the Petition and dismissing the Petition on the merits because he has not shown "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Labs., Inc., 602 F.3d at 251.

17. An appropriate Order accompanies this Memorandum Opinion.

      s/Freda L. Wolfson
      **FREDA L. WOLFSON, U.S.D.J.**

Dated:   March 20 , 2012