UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BORIS BORETSKY,<br><br>Petitioner,<br><br>v.<br><br>BRUCE DAVIS, et al.,<br><br>Respondents. | Civil Action No. 09-771 (FLW)<br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner Boris Boretsky's ("Petitioner") filing of a "Motion to Reopen Judgment [Entered on February 29, 2012 in the civil action entitled *Boris Boretsky v. Michelle Ricci*, 09- 0771] and for Relief Pursuant to Fed. R. Civ. P. 60(b)(6)" (ECF No. 38) and a "Motion for Leave to File a Supplemental Letter Brief and Appendix[.]" (ECF No. 39.) For the reasons explained in this Memorandum Opinion, the Court denies the motions for relief and denies a certificate of appealability.

The Court recounts only the facts necessary to resolve Petitioner's motions for relief. Petitioner was tried before a jury and convicted of the first-degree murder (and related offenses) of his wife and sentenced to life imprisonment without the possibility of parole. *See State v. Boretsky*, 2016 WL 6440631, at *1-2 (N.J. Sup. Ct. App. Div. Nov. 1, 2016). After the conclusion of direct review in state court, but prior to submitting his first state court post-conviction relief petition ("PCR"), Petitioner submitted a petition for writ of habeas corpus in the United States District Court on February 10, 2009; it was captioned *Boretsky v. Ricci*, 3-09-cv-00771 and assigned to the undersigned. On February 25, 2009, the Court advised Petitioner of his rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), explaining the

1

consequences of filing such a Petition under the Antiterrorism Effective Death Penalty Act ("AEDPA") and giving him an opportunity to file one all-inclusive § 2254 petition. (ECF No. 2.) By letter dated March 2, 2009, Petitioner informed the Court that he wished to have his Petition ruled on "as is[.]" (ECF No. 4.)

On April 18, 2011, Petitioner filed his first state PCR in New Jersey Superior Court. (ECF No. 40-2.) On April 18, 2011, Petitioner also submitted a motion to stay the then-pending habeas corpus petition while pursuing the state PCR. (ECF No. 21.) On August 15, 2011, this Court denied the motion to stay without prejudice to the filing of a properly supported motion to amend the habeas petition.[1] (ECF No. 22.) On August 25, 2011, Petitioner filed a motion to amend and an amended verified petition to add the ineffective assistance of counsel claims presented in his first state petition for post-conviction relief filed in the New Jersey Superior Court on April 18, 2011, and to stay the § 2254 Petition. (ECF Nos. 24, 24-5). "The Amended Verified Petition for Post-Conviction Relief," which is dated August 25, 2011, raises seven claims of ineffective assistance of counsel, with subparts. (ECF No. 24-5.)

By Opinion and Order dated February 29, 2012, the Court rejected Petitioner's arguments for equitable tolling, denied the motion to amend (and for a stay) as untimely, dismissed the Petition on the merits, and denied a certificate of appealability ("COA"). (ECF Nos. 27-28.) On March 5, 2012, Petitioner sought reconsideration of the Court's denial of his motion to amend and the dismissal of his habeas petition. (ECF No. 31.) On March 6, 2012, Petitioner submitted

---

[1] This Court's Opinion noted that, because Boretsky's § 2254 Petition did not include the ineffective assistance of counsel claims, a stay would be of no use to Petitioner unless he first amended his § 2254 Petition to include the ineffective assistance of counsel claims. Moreover, since the one-year statute of limitations, see 28 U.S.C. § 2254(d)(1)(A), expired on February 15, 2010, in the absence of equitable tolling, the Petition could not be amended because the new claims would be time barred. See 28 U.S.C. §52244(d)(1)(A). (ECF No. 22.)

2

his notice of appeal. (ECF No. 29.) The Court denied the motion for reconsideration on March 20, 2012. (ECF No. 33.)

On October 18, 2012, the Third Circuit denied a COA, finding that reasonable jurists would not debate the District Court's dismissal of the fourteen claims enumerated in habeas petition. The Third Circuit further determined that Petitioner failed to demonstrate that jurists of reason would debate the District Court's denial of his motion for reconsideration or the denial of his requests to amend his petition and stay his proceedings pending the resolution of his post-conviction proceedings. (*See* ECF No. 37.)

On June 27, 2014, the trial court denied petitioner's state court PCR without an evidentiary hearing . (ECF No. 40-11.) Petitioner appealed this judgment, and on November 1, 2016, the Superior Court, Appellate Division affirmed. (ECF No. 40-12.) On May 2, 2017, the New Jersey Supreme Court denied certification. (ECF No. 40-13.)

On April 5, 2019, Petitioner submitted the instant "Motion to Reopen Judgment and for Relief Pursuant to Fed. R. Civ. P. 60(b)(6)" (ECF No. 38), and, on May 23, 2019, Petitioner submitted the instant "Motion for Leave to File a Supplemental Letter Brief and Appendix[.]"[2] (ECF No. 39.) Respondents submitted opposition on June 27, 2019. (ECF No. 40.) The matter is fully briefed and ready for disposition.

---

[2] This letter brief notes that it is "In support of and Motion for Remand to the District Court for Evidentiary Hearing to Determine Movant's eligibility to File a Second Petition for Habeas Relief." This "letter brief" is captioned in the "United States Court of Appeals for the Third Circuit," but is not filed in connection with any of Petitioner's cases filed on the electronic docket of the Third Circuit Court of Appeals. Petitioner did, however, file a successive petition under 28 U.S.C. § 2244, seeking an Order requiring the Prosecutor's Office to produce evidence that would enable Petitioner to prove his actual innocence claim. (*In re: Boris Boretsky*, 17-3776 (3d Cir.). Petitioner's requests were denied by the Third Circuit Court of Appeals on February 20, 2019. (*See id.*)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6), the particular provision on which Petitioner relies, permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Id.* at 528–29. A motion filed under Rule 60(b)(6) must demonstrate "extraordinary circumstances" that would justify "the reopening of a final judgment." *Id. at* 535 (quotation omitted). Motions filed under subsection (6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c).

The Court begins by addressing whether Plaintiff's Rule 60(b) motion seeks to vindicate a new claim or merely challenges the Court's denial of his motion to amend (and the resulting failure to reach the merits of his PCR claims). In *Gonzalez v. Crosby*, the Supreme Court analyzed when a motion couched in terms of Rule 60(b) was in reality a second or successive § 2254 habeas petition subject to the requirements of 28 U.S.C. § 2244(b).[3] *Gonzalez* makes clear that where a Rule 60 motion asserts <u>a new claim</u>, it is a successive petition. 545 U.S. at 530–32. "Claim" for purposes of the analysis (as used in § 2244(b)) is defined as "an asserted federal basis for relief from a state court's judgment of conviction." 545 U.S. at 530. A 60(b) motion

---

[3] The relevant provisions of the AEDPA-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3). Thus if, Petitioner's motion is a second or successive petition, he must first get permission from the Court of Appeals before filing it here.

4

that challenges "a district court's failure to reach the merits of a petition based on the statute of limitations does not constitute a second or successive habeas petition" and is thus not subject to dismissal as second or successive. *See United States v. Andrews*, 463 F. App'x 169, 171–72 (3d Cir. 2012). Here, Petitioner's Rule 60(b) motion appears to ask the Court to reconsider the denial of his motion to amend, excuse the untimeliness of the PCR claims he sought to bring in his motion to amend, and reach the merits of the PCR claims contained therein. Because Petitioner asks the Court to reconsider its timeliness analysis in connection with the denial of his motion to amend, the Court finds that such a request does not amount to a second or successive petition under *Gonzalez*.

Petitioner's Rule 60(b) motion appears to rely on the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), which extended the actual innocence doctrine announced in *Schlup v. Delo*, 513 U.S. 298 (1995) to allow a petitioner to overcome the AEDPA one-year statute of limitations if the petitioner can make the required actual innocence showing. In doing so, the Supreme Court recognized that an untimely petition should not prevent a petitioner who can adequately demonstrate his actual innocence from pursuing his or her claims. To establish actual innocence, however, a petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks and citations omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* at 623–24 (internal quotation marks and citations omitted).

The Third Circuit recently addressed the actual innocence exception in the context of Rule 60(b). In *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 (3d Cir. 2017), the Third Circuit reversed the denial of a Rule 60(b) motion filed by a petitioner who claimed that

*McQuiggin* was a change in law which constituted extraordinary circumstances and justified relief under Rule 60(b). *Id.* at 155. The Third Circuit remanded the case to the district court and directed the court to give full consideration to equitable circumstances:

> The nature of the change in decisional law must be weighed appropriately in the analysis of pertinent equitable factors. *McQuiggin* implicates the foundational principle of avoiding the conviction of an innocent man and attempts to prevent such a mistake through the fundamental miscarriage of justice exception. If [the petitioner] can make the required credible showing of actual innocence to avail himself of the fundamental miscarriage of justice exception had *McQuiggin* been decided when his petition was dismissed, equitable analysis would weigh heavily in favor of deeming *McQuiggin's* change in law, as applied to [the petitioner]'s case, an exceptional circumstance justifying Rule 60(b) relief.

*Id.*; *see also Penney v. United States*, 870 F.3d 459, 463 (6th Cir. 2017) (holding that an "an actual-innocence claim may be considered on the merits even though it would otherwise be barred by an untimely Rule 60(b) motion"). Thus, whether a petitioner relying on *McQuiggin* can avail himself of the fundamental miscarriage of justice exception under Rule 60(b)(6) hinges largely on whether he or she can make the required showing of actual innocence. To satisfy the actual innocence standard, however, "a petitioner must [first] present new, reliable evidence" and second, "show by a preponderance of the evidence 'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018) (quoting *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (further quotations omitted)). Stated differently, a petitioner must establish that it is "more likely than not any reasonable juror would have reasonable doubt." *Reese*, 897 F.3d at 1601–6 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006) ).

In his motion papers, Plaintiff asserts that his case is indistinguishable from *Reeves v. Fayette, SCI*, 897 F.3d 154 (3d Cir. 2018). There, the petitioner filed an untimely habeas petition

6

and sought to excuse the petition's untimeliness based on the actual innocence exception to procedural default under *McQuiggin*. The petitioner asserted that his trial counsel failed to present to the jury the very exculpatory evidence that demonstrates his actual innocence. Specifically, Reeves identified evidence – police reports and other proofs suggesting that alternative suspects committed the crimes – that may show his actual innocence. Because the district court determined that the evidence regarding alternative suspects was not "new" and had been provided to trial counsel, it denied Reeves' request for an evidentiary hearing and dismissed the petition as untimely. *Id.* at 159. The Third Circuit reversed, holding that "when a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact finder the very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the *Schlup* actual innocence gateway." *Id.* at 164. Notably, the Court did not determine that Reeves made the required showing of actual innocence; rather it vacated the order dismissing the petition and remanded for the trial court to make that determination. *Id.* at 165 (explaining that if Reeves made the required showing, the district court should analyze his ineffective assistance of counsel claims on the merits under the applicable AEDPA standard of review).

At issue here is whether Petitioner has presented any new reliable evidence of his actual innocence. Pursuant to *Reeves*, the Court assumes that (1) evidence in the possession of Petitioner's attorney but not used at trial or (2) evidence Petitioner's attorney failed to discover could qualify as "new evidence" for purposes of the actual innocence inquiry. The Court nevertheless finds that Petitioner has not met the standard for the actual innocence gateway.

Petitioner's actual innocence arguments are convoluted. He first asserts that his trial counsel had a conflict of interest based on a retainer agreement negotiated between Petitioner,

7

trial counsel, and Petitioner's business associates. (ECF No. 38, at 3.) Petitioner speculates that trial counsel failed to get a mitigating expert to dispute certain computer-generated animations the state sought to admit into evidence in order to shield this fee arrangement. (*Id.* at 4.) Petitioner next asserts that had trial counsel obtained the mitigating expert, rather than moving to suppress the animations, the mitigating expert would have testified that the medical examiner's testimony was perjured, and the autopsy report was fabricated. (*Id.* at 5-6.) Petitioner asserts that the following evidence was not presented to the factfinder due to his trial counsel's ineffectiveness: 1) Autopsy photographs on the body of the victim performed on March 4, 2002 by the medical examiner, which included photographs depicting the victims injuries; 2) transcript of the recordings of the autopsy; 3) single frontal view chest X-ray of the victim; and 4) computer generated animations created by one of the state's experts. (*Id.* at 6.) Petitioner principally asserts that these pieces of evidence would show that the knife used on the victim could not have entered her body a full eight inches in the manner asserted by one of the state's experts.[4] (*Id.*) Notably, Petitioner has not presented any of this evidence. Instead, he asks for the Court's assistance in obtaining the evidence needed to prove his actual innocence claim. (*See id.* at 14.)

Petitioner's allegations that his attorney provided ineffective assistance due to a conflict of interest and his allegations that the evidence described above would have exonerated him amount to sheer speculation. As explained by the Supreme Court, "tenable actual-innocence

---

[4] In his PCR, Petitioner argued that his trial counsel was ineffective for failing to conduct a proper investigation of the medical evidence, including the purportedly fabricated autopsy report and the lack of autopsy photos to support the medical examiner's opinion that the knife entered the victim's body a full eight inches. The Appellate Division affirmed the trial court's determination that Petitioner had not presented a *prima facie* case of ineffective assistance. *See State v. Boretsky*, 2016 WL 6440631, at *6 (N.J. Sup. Ct. App. Div. Nov. 1, 2016).

gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 332 (quoting *Schlup*, 513 U.S., at 329). Petitioner has not met this burden. In this regard, the Court also notes that the totality of the evidence against Petitioner at trial was substantial and not limited to medical testimony. *See State v. Boretsky*, 2016 WL 6440631, at *1–2 (N.J. Super. App. Div. 2016). For these reasons, the Court finds that Petitioner has not satisfied the actual innocence gateway or otherwise presented extraordinary circumstances under Rule 60(b)(6), and the Court will deny his motions for relief on that basis.

Alternatively, to the extent Petitioner is also asserting a new free-standing actual-innocence claim or attempting to bring a new habeas petition under 28 U.S.C. § 2244, the Court lacks jurisdiction to address such a petition, and Petitioner must first file a motion for authorization to file a second or successive § 2254 petition, not a Rule 60(b) motion. *See* 28 U.S.C. § 2244(b)(2)(B)(ii); *Gonzalez*, 545 U.S. at 532. Here, the Court declines to transfer ECF Nos. 38-39 to the Third Circuit, as the Third Circuit has already denied Petitioner's request to file a second or successive petition.[5]

For the reasons explained in this Memorandum Opinion, the Court denies the "Motion to Reopen Judgment [Entered on February 29, 2012 in the civil action entitled *Boris Boretsky v. Michelle Ricci*, 09- 0771] and for Relief Pursuant to Fed. R. Civ. P. 60(b)(6)" (ECF No. 38) and the "Motion for Leave to File a Supplemental Letter Brief and Appendix[.]" (ECF No. 39.) To the extent Petitioner seeks a certificate of appealability, that request is denied. An appropriate Order follows.

---

[5] *See* Footnote 2.

                                                      <u>/s/ Freda L. Wolfson</u>
                                                      Freda L. Wolfson
                                                      U.S. Chief District Judge

DATED:11/13/2019