## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BORIS BORETSKY,** | **Civil Action No. 09-771 (FLW)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **BRUCE DAVIS, et al.,** | |
| **Respondents.** | |

This matter has been opened to the Court by Petitioner Boris Boretsky's ("Petitioner") filing of a second motion to relief pursuant to Fed. R. Civ. P. 60(b)(6), and two motions to clarify and supplement the record. (ECF Nos. 49-51.) For the reasons explained in this Memorandum Opinion, the Court denies the motions for relief and denies a certificate of appealability.

The Court recounts only the facts necessary to resolve Petitioner's motions for relief. Petitioner was tried before a jury and convicted of the first-degree murder (and related offenses) of his wife and sentenced to life imprisonment without the possibility of parole. *See State v. Boretsky*, 2016 WL 6440631, at *1-2 (N.J. Sup. Ct. App. Div. Nov. 1, 2016). After the conclusion of direct review in state court, but prior to submitting his first state court post-conviction relief petition ("PCR"), Petitioner submitted a petition for writ of habeas corpus in the United States District Court on February 10, 2009; it was captioned *Boretsky v. Ricci*, 3-09-cv-00771 and assigned to the undersigned. On February 25, 2009, the Court advised Petitioner of his rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), explaining the consequences of filing such a Petition under the Antiterrorism Effective Death Penalty Act ("AEDPA") and giving him an opportunity to file one all-inclusive § 2254 petition. (ECF No.

2.)  By letter dated March 2, 2009, Petitioner informed the Court that he wished to have his Petition ruled on "as is[.]"  (ECF No. 4.)

On April 18, 2011, Petitioner filed his first state PCR in New Jersey Superior Court. (ECF No. 40-2.)  On April 18, 2011, Petitioner also submitted a motion to stay the then-pending habeas corpus petition while pursuing the state PCR.  (ECF No. 21.)  On August 15, 2011, this Court denied the motion to stay without prejudice to the filing of a properly supported motion to amend the habeas petition.[1]  (ECF No. 22.)  On August 25, 2011, Petitioner filed a motion to amend and an amended verified petition to add seven ineffective assistance of counsel claims presented in his first state petition for post-conviction relief filed in the New Jersey Superior Court on April 18, 2011, and to stay the § 2254 Petition.  (ECF Nos. 24, 24-5.)

By Opinion and Order dated February 29, 2012, the Court rejected Petitioner's arguments for equitable tolling, denied the motion to amend (and for a stay) as untimely, dismissed the Petition on the merits, and denied a certificate of appealability ("COA").  (ECF Nos. 27-28.)  On March 5, 2012, Petitioner sought reconsideration of the Court's denial of his motion to amend and the dismissal of his habeas petition. (ECF No. 31.)  On March 6, 2012, Petitioner submitted his notice of appeal.  (ECF No. 29.)  The Court denied the motion for reconsideration on March 20, 2012.  (ECF No. 33.)

On October 18, 2012, the Third Circuit denied a COA, finding that reasonable jurists would not debate the District Court's dismissal of the fourteen claims enumerated in habeas

---

[1] This Court's Opinion noted that, because Boretsky's § 2254 Petition did not include the ineffective assistance of counsel claims, a stay would be of no use to Petitioner unless he first amended his § 2254 Petition to include the ineffective assistance of counsel claims.  Moreover, since the one-year statute of limitations, *see* 28 U.S.C. § 2254(d)(1)(A), expired on February 15, 2010, in the absence of equitable tolling, the Petition could not be amended because the new claims would be time barred.  *See* 28 U.S.C. §52244(d)(1)(A).  (ECF No. 22.)

petition.  The Third Circuit further determined that Petitioner failed to demonstrate that jurists of reason would debate the District Court's denial of his motion for reconsideration or the denial of his requests to amend his petition and stay his proceedings pending the resolution of his post-conviction proceedings.  (*See* ECF No. 37.)

On June 27, 2014, the trial court denied petitioner's state court PCR without an evidentiary hearing . (ECF No. 40-11.)  Petitioner appealed this judgment, and on November 1, 2016, the Superior Court, Appellate Division affirmed.  (ECF No. 40-12.)  On May 2, 2017, the New Jersey Supreme Court denied certification.  (ECF No. 40-13.)

On April 5, 2019, Petitioner submitted his first "Motion to Reopen Judgment and for Relief Pursuant to Fed. R. Civ. P. 60(b)(6)" (ECF No. 38), and, on May 23, 2019, Petitioner submitted "Motion for Leave to File a Supplemental Letter Brief and Appendix[.]"[2] (ECF No. 39.)  Respondents submitted opposition on June 27, 2019.  (ECF No. 40.)  Petitioner did not submit a reply.  The Court denied the First Rule 60(b) motion on November 13, 2019. (ECF Nos. 43-44.)

Petitioner filed his second Rule 60(b) motion on October 29, 2020.  (ECF No. 47.)  His second Rule 60(b) motion was followed by two motions seeking to clarify and supplement the record.  (ECF Nos. 50-51.)  Petitioner has also written to inquire whether why the State has not responded to his filings.  (*See* ECF Nos. 52-55.)

---

[2] This letter brief notes that it is "In support of and Motion for Remand to the District Court for Evidentiary Hearing to Determine Movant's eligibility to File a Second Petition for Habeas Relief." This "letter brief" is captioned in the "United States Court of Appeals for the Third Circuit," but is not filed in connection with any of Petitioner's cases filed on the electronic docket of the Third Circuit Court of Appeals.  Petitioner did, however, file a successive petition under 28 U.S.C. § 2244, seeking an Order requiring the Prosecutor's Office to produce evidence that would enable Petitioner to prove his actual innocence claim.  (*In re: Boris Boretsky*, 17-3776 (3d Cir.).  Petitioner's requests were denied by the Third Circuit Court of Appeals on February 20, 2019.  (*See id.*)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6), the particular provision on which Petitioner relies, permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Id.* at 528–29. A motion filed under Rule 60(b)(6) must demonstrate "extraordinary circumstances" that would justify "the reopening of a final judgment." *Id. at* 535 (quotation omitted).

Motions for relief from a final judgment brought pursuant to Rule 60(b) must also be filed within a "reasonable time" of the entry of the original judgment. Fed. R. Civ. P. 60(c). What is reasonable in a given case depends on the circumstances of that case, and a determination of reasonableness rests on factors such as "finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *See In Re Diet Drugs(Phentermine/Fenfluramine/Dexfenfluramine) Product Liability Litigation)*, 383 F. App'x 242, 246 (3d Cir. 2010). Indeed, Rule 60 motions based on fraud, mistake, or newly discovered evidence must be filed within a year of the entry of judgment, and the Third Circuit has found that a delay as short as a year can be sufficient to render the filing of a Rule 60 motion untimely where the interests of finality and the potential for prejudice so warrant. *See* Fed. R. Civ. P. 60(c)(1); *In Re Diet Drugs*, 383 F. App'x at 246.

Although it is not a model of clarity, Petitioner's second Rule 60(b) motion appears to ask the Court to permit him to reopen this matter and amend his Petition to allow him to assert an new IAC claim based on his trial counsel's decision to move to suppress certain animations offered by the state, which were based an autopsy report created by the medical examiner, rather

than hiring an expert to refute the animations at trial. Petitioner asserts that his trial counsel had a conflict of interest and failed to hire an expert to refute the animations in order to shield his illegal fee arrangement,[3] and Petitioner further claims that these facts did not come to light until approximately December 6, 2011, when his PCR counsel reviewed an allegedly unlawful release executed by Petitioner's trial counsel and Petitioner's business partners. *See Generally* ECF No. 49-2. Petitioner characterizes his discovery of these facts as "extraordinary circumstances" sufficient for equitable tolling and for relief under Rule 60(b)(6). ECF No. 49-2, 21-29.

Here, Petitioner's habeas petition was denied on February 29, 2012 (ECF Nos. 27-28), and his motion for reconsideration of the Court's decision denying his motion to amend and stay the petition was denied on March 20, 2012. (ECF Nos. 33-34.) Petitioner filed his first Rule 60(b) motion on April 10, 2019, approximately seven years after this matter was adjudicated. The Court finds that the seven-year delay in bringing his Rule 60(b) is not reasonable, particularly given that the factual basis for his motion has been known to him since December 6, 2011. As such, the Court denies the second Rule 60(b) motion as untimely.

Even if Petitioner's second Rule 60(b) motion were timely, the relief he seeks amounts to an unauthorized second or successive petition pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). There, the Supreme Court analyzed when a motion couched in terms of Rule 60(b) was in reality a second or successive § 2254 habeas petition subject to the requirements of

---

[3] On appeal of the denial of his PCR, Petitioner argued that his trial counsel had a conflict of interest resulting from the manner in which his fees were to be paid. He contended that trial counsel did not adequately cross-examine certain witnesses for fear the conflict would be exposed. *Boretsky*, 2016 WL 6440631, at *3-4. It does not appear that Petitioner asserted an IAC claim that his counsel also failed to hire an animations expert to shield his conflict of interest and illegal fee arrangement.

28 U.S.C. § 2244(b).[4] *Gonzalez* makes clear that where a Rule 60 motion seeks to vindicate <u>a</u> <u>new claim</u>, it is a successive petition. 545 U.S. at 530–32. "Claim" for purposes of the analysis (as used in § 2244(b)) is defined as "an asserted federal basis for relief from a state court's judgment of conviction." 545 U.S. at 530. As explained by the Supreme Court:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts [showing a high probability of actual innocence]. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

*Gonzalez*, 545 U.S. 524, 531–32. In contrast, a 60(b) motion that merely challenges "a district court's failure to reach the merits of a petition based on the statute of limitations does not

[4] The relevant provisions of the AEDPA-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3). Thus if, Petitioner's motion is a second or successive petition, he must first obtain permission from the Court of Appeals before filing it here.

constitute a second or successive habeas petition" and is thus not subject to dismissal as second or successive. *See United States v. Andrews*, 463 F. App'x 169, 171–72 (3d Cir. 2012); *see also Gonzalez*, 545 U.S. 524, 532 (explaining "Petitioner's motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)" did not amount to a successive petition).

In his second 60(b) motion, Petitioner seeks to have the Court adjudicate at least one new IAC claim—that his trial counsel had a conflict of interest and engaged in ineffective assistance when he failed to hire an animations expert. This claim was not included in his original or proposed amended Petitions and is a new claim over which this Court does not have jurisdiction. *See Gonzalez*, 545 U.S. at 530-32. In his motions to clarify and supplement the record (ECF Nos. 50-51), Petitioner asserts that his trial counsel's execution of the illegal release prior to trial amounted to attorney abandonment, and as a consequence, Petitioner's conviction should be vacated in favor of a new trial. This argument also seeks to vindicate a new habeas claim over which the Court lacks jurisdiction under *Gonzalez*. Petitioner couches his trial counsel's alleged misconduct as "extraordinary circumstances" sufficient to warrant equitable tolling and the reopening of this matter. Petitioner, however, overlooks the fact that the adjudication of these new claims would be an impermissible end run around the AEDPA's limitations on second or successive petitions.[5]

---

[5] Moreover, these facts do not provide a basis for equitable tolling of an untimely habeas claim. Rather, under § 2244(d)(1)(D), a habeas claim does not accrue until the factual predicate could be discovered through reasonable diligence. Pursuant to 28 U.S.C. § 2241(d)(1), "[t]he [one-year AEDPA] limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

To bring new habeas claim, Petitioner must first seek and receive permission from the Third Circuit Court of Appeals. Here, Petitioner has not received permission from the Third Circuit Court of Appeals, and the Third Circuit already denied a similar request by Petitioner to file a second or successive petition, finding that his allegations did not rely on a new rule of constitutional law or demonstrate his actual innocence. This Court likewise declines to transfer this action to the Third Circuit for the same reasons.[6]

For the reasons explained in this Memorandum and Order, the Court denies Petitioner's second Rule 60(b) motion as untimely and as an unauthorized second or successive petition. The Court also denies Petitioner's motions to clarify and supplement the record. ECF Nos. 50-51. Because reasonable jurists would not debate that the Rule 60(b) is untimely and would likewise not debate that Petitioner is attempting to vindicate a "new claim" over which the Court lacks jurisdiction, the Court also denies a certificate of appealability ("COA"). Finally, the Court

---

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) <u>the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.</u>

*Id.* (emphasis added). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). Thus, Petitioner's IAC claim about his attorney's failure to retain an animations expert in order to hide his unlawful financial dealings with Petitioner's business partners potentially did not accrue until approximately December 6, 2011, assuming Petitioner could not have reasonably discovered these facts earlier. *See* § 2244(d)(1)(D). This claim is still barred, however, under *Gonzalez* as a new claim, unless and until Petitioner receives permission from the Third Circuit to file a successive petition.

[6] Although the Court declines to transfer the motion to the Third Circuit, nothing in this Memorandum Opinion prevents Petitioner from filing a request to file a second or successive petition with the Third Circuit.

hereby notifies Petitioner that it does not intend to accept any further Rule 60(b) motions on the issue of his trial counsel's alleged conflict of interest and resulting claims of ineffective assistance, and will provide Petitioner with 30 days to respond prior to entering a preclusion order. An appropriate Order follows.

Dated: 5/12/2021

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge