UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BORIS BORETSKY,<br><br>      Petitioner,<br><br>v.<br><br>BRUCE DAVIS, et al.,<br><br>      Respondents. | Civil Action No. 09-771 (FLW)<br><br>MEMORANDUM OPINION |

      This matter has been opened to the Court by Petitioner Boris Boretsky's ("Petitioner") filing of a motion for an evidentiary hearing on Petitioner's habeas claim alleging that his trial counsel had a conflict of interest which deprived Petitioner of a fair trial (hereafter "the conflict of interest claim"). (*See* ECF No. 64.) This matter has been closed since 2012. The Court has already denied two motions pursuant to Fed. R. Civ. P. 60(b) in which Petitioner seeks to reopen this matter to assert the conflict of interest claim. For the reasons explained in this Memorandum Opinion, the Court denies the motion for an evidentiary hearing and will enter an Order precluding Petitioner from submitting any new motions, however labeled, seeking to reopen this matter based on the conflict of interest claim.

      The Court recounts only the facts necessary to resolve Petitioner's motion for an evidentiary hearing. Petitioner was tried before a jury and convicted of the first-degree murder (and related offenses) of his wife and sentenced to life imprisonment without the possibility of parole. *See State v. Boretsky*, 2016 WL 6440631, at *1-2 (N.J. Sup. Ct. App. Div. Nov. 1, 2016). After the conclusion of direct review in state court, but prior to submitting his first state court post-conviction relief petition ("PCR"), Petitioner submitted a petition for writ of habeas corpus

1

in the United States District Court on February 10, 2009; it was captioned *Boretsky v. Ricci*, 3-09-cv-00771 and assigned to the undersigned. On February 25, 2009, the Court advised Petitioner of his rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), explaining the consequences of filing such a Petition under the Antiterrorism Effective Death Penalty Act ("AEDPA") and giving him an opportunity to file one all-inclusive § 2254 petition. (ECF No. 2.) By letter dated March 2, 2009, Petitioner informed the Court that he wished to have his Petition ruled on "as is[.]" (ECF No. 4.)

On April 18, 2011, Petitioner filed his first state PCR in New Jersey Superior Court. (ECF No. 40-2.) On April 18, 2011, Petitioner also submitted a motion to stay the then-pending habeas corpus petition while pursuing the state PCR. (ECF No. 21.) On August 15, 2011, this Court denied the motion to stay without prejudice to the filing of a properly supported motion to amend the habeas petition.[1] (ECF No. 22.) On August 25, 2011, Petitioner filed a motion to amend and an amended verified petition to add seven ineffective assistance of counsel claims presented in his first state petition for post-conviction relief filed in the New Jersey Superior Court on April 18, 2011, and to stay the § 2254 Petition. (ECF Nos. 24, 24-5). The motion to amend and stay the Petition did not include or mention the conflict of interest claim. *See id.*

By Opinion and Order dated February 29, 2012, the Court rejected Petitioner's arguments for equitable tolling, denied the motion to amend (and for a stay) as untimely, dismissed the Petition on the merits, and denied a certificate of appealability ("COA"). (ECF Nos. 27-28.) On

---

[1] This Court's Opinion noted that, because Boretsky's § 2254 Petition did not include the ineffective assistance of counsel claims, a stay would be of no use to Petitioner unless he first amended his § 2254 Petition to include the ineffective assistance of counsel claims. Moreover, since the one-year statute of limitations, *see* 28 U.S.C. § 2254(d)(1)(A), expired on February 15, 2010, in the absence of equitable tolling, the Petition could not be amended because the new claims would be time barred. *See* 28 U.S.C. §2244(d)(1)(A). (ECF No. 22.)

March 5, 2012, Petitioner sought reconsideration of the Court's denial of his motion to amend and the dismissal of his habeas petition. (ECF No. 31.)  In the motion for reconsideration, Petitioner explained that he sought to amend his habeas petition to raise a claim based on his trial counsel's alleged conflict of interest.  (*See* ECF No. 31-2, Petitioner's Declaration at ¶¶ 3-7.)  On March 6, 2012, Petitioner submitted his notice of appeal.  (ECF No. 29.)  The Court denied the motion for reconsideration on March 20, 2012.  (ECF No. 33.)

On October 18, 2012, the Third Circuit denied a COA, finding that reasonable jurists would not debate the District Court's dismissal of the fourteen claims enumerated in habeas petition.  The Third Circuit further determined that Petitioner failed to demonstrate that jurists of reason would debate the District Court's denial of his motion for reconsideration or the denial of his requests to amend his petition and stay his proceedings pending the resolution of his post-conviction proceedings.  (*See* ECF No. 37.)

On June 27, 2014, the trial court denied Petitioner's state court PCR without an evidentiary hearing . (ECF No. 40-11.)  Petitioner appealed this judgment, and on November 1, 2016, the Superior Court, Appellate Division affirmed.  (ECF No. 40-12.)  The conflict of interest claim was adjudicated by the New Jersey Appellate Division, which "reject[ed] defendant's contention that he was denied the effective assistance of counsel due to a conflict of interest on the part of his trial attorney." *State v. Boretsky*, No. A–0402–14T1, 2016 WL 6440631, at *6 (N.J. Super. App. Div. Nov. 1, 2016).  In May 2017, the Supreme Court of New Jersey denied certification.  *State v. Boretsky*, 230 N.J. 365 (2017).

On April 5, 2019, seven years after the Court dismissed Petitioner's habeas Petition, Petitioner submitted his first "Motion to Reopen Judgment and for Relief Pursuant to Fed. R. Civ. P. 60(b)(6)" (ECF No. 38), and, on May 23, 2019, Petitioner submitted "Motion for Leave

to File a Supplemental Letter Brief and Appendix[.]"[2] (ECF No. 39.) Respondents submitted opposition on June 27, 2019. (ECF No. 40.) Petitioner did not submit a reply. The Court denied the First Rule 60(b) motion on November 13, 2019. (ECF Nos. 43-44.)

Petitioner filed his second Rule 60(b) motion on October 29, 2020. (ECF No. 47.) His second Rule 60(b) motion was followed by two motions seeking to clarify and supplement the record. (ECF Nos. 50-51.) The Court denied Petitioner's second Rule 60(b) motion as untimely based on the seven year delay in bringing the Rule 60(b) motions and also determined that the relief he sought amounted to an unauthorized second or successive pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). The Court also denied a certificate of appealability. (ECF Nos. 56-57.)

The Court also notified Petitioner that it did not intend to accept any further Rule 60(b) motions on the issue of his trial counsel's alleged conflict of interest and resulting claims of ineffective assistance and provided Petitioner with 30 days to respond prior to entering a preclusion order. (*See id.*) Petitioner appealed, and the Third Circuit affirmed the denial of a COA on October 13, 2021. (*See* ECF Nos. 62, 68.)

In the meantime, Petitioner sought an extension of time to respond to the Court's Order denying his second Rule 60(b) motion, and he thereafter submitted the instant motion for an evidentiary hearing, which was docketed on July 8, 2021. (*See* ECF No. 64.) In a nutshell,

---

[2] This letter brief notes that it is "In support of and Motion for Remand to the District Court for Evidentiary Hearing to Determine Movant's eligibility to File a Second Petition for Habeas Relief." This "letter brief" is captioned in the "United States Court of Appeals for the Third Circuit," but is not filed in connection with any of Petitioner's cases filed on the electronic docket of the Third Circuit Court of Appeals. Petitioner did, however, file a successive petition under 28 U.S.C. § 2244, seeking an Order requiring the Prosecutor's Office to produce evidence that would enable Petitioner to prove his actual innocence claim. (*In re: Boris Boretsky*, 17-3776 (3d Cir.). Petitioner's requests were denied by the Third Circuit Court of Appeals on February 20, 2019. (*See id.*)

Petitioner seeks an evidentiary hearing to "develop" his claim that he was deprived of a fair trial due to his trial counsel's conflict of interest, resulting from a retainer agreement trial counsel entered with Petitioner's business partner. Petitioner's prior Rule 60(b) motions sought to reopen and amend his Petition based on these same facts, and the Court has twice denied Petitioner's Rule 60(b) motions and declines to revisit its prior determinations.[3] Moreover, it is axiomatic that there is no basis for an evidentiary hearing where the habeas petition is no longer pending and the matter is closed. As such, the request for an evidentiary hearing is denied. To the extent necessary, the Court denies a certificate of appealability. At this time, the Court will also enter an Order precluding Petitioner from moving to reopen this matter based on the conflict of interest claim.

      An appropriate Order follows.

February 18, 2022                                      *s/Freda L. Wolfson*
                                                            Freda L. Wolfson
                                                            U.S. Chief District Judge

---

[3] The Court notes that it need not determine whether the conflict of interest claim is a "new claim" subject to dismissal under *Gonzalez*, 545 U.S. at 530–32, or if Petitioner's filing of a motion for reconsideration, which asked the Court to vacate its prior judgment and allow Petitioner to amend to include the conflict of interest claim, is sufficient to avoid the second or successive bar. The Court also found Petitioner's Rule 60(b) motions untimely, as Petitioner filed his first Rule 60(b) motion seven years after the Court denied his Petition and long after he was aware of the facts underlying his conflict of interest claim.